# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　Case No. 07-20100-05-JWL

**Jesus Gabriel Gandara-Escarcega,**

    **Defendant.**

## **MEMORANDUM & ORDER**

    This matter is before the court on Mr. Gandara-Escarcega's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Mr. Gandara-Escarcega asks the court to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines. The motion is dismissed for lack of jurisdiction because the court lacks the authority to revise Mr. Gandara-Escarcega's sentence based on Amendment 782. Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, ––– U.S. ––––, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Mr. Gandara-Escarcega's

sentence in this case was not "based on a sentencing range" but, instead, was based on a mandatory statutory minimum under 21 U.S.C. § § 841(b)(1)(A).  The court, then, has no jurisdiction to reduce Mr. Gandara-Escarcega's sentence.  Because Mr. Gandara-Escarcega remains subject to the mandatory minimum sentence of 10 years regardless of the application of Amendment 782, a reduction under § 3582(c)(2) is not authorized and Amendment 782 affords no relief to Mr. Gandara-Escarcega.  *See United States v. Woods*, ___ Fed. Appx. ___, 2015 WL 250647, at *1-2 (10th Cir. Jan. 21, 2015) (if a defendant is sentenced pursuant to a statutory mandatory minimum sentence provision, he is ineligible for a sentence reduction under § 3582(c)(2)).[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Gandara-Escarcega's motion to reduce sentence (doc. 296) is dismissed..

**IT IS SO ORDERED.**

Dated this 24th day of April, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Mr. Gandara-Escarcega also requests, as an alternative to Amendment 782, that the court reduce his sentence through a downward departure. Because a § 3582(c)(2) motion is not the proper vehicle for a motion for downward departure, the court cannot consider that request. *United States v. Meridyth*, 573 Fed. Appx. 791, 794 (10th Cir. 2014). Moreover, to the extent Mr. Gandara-Escarcega's request for a downward departure is based on post-sentencing § 3553(a) factors, only the Director of the Bureau of Prisons is authorized to seek such relief. See 18 U.S.C. 3582(c)(1); *United States v. Ellis*, 407 Fed. Appx. 333, 336 (10th Cir. 2011).